IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                               RESPONDENT

v.                                  No. 1:09-cr-10014
                                    No. 1:12-cv-1094

AUDREY LAVELL TATUM                                                                         MOVANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petition for Writ of Habeas Corpus with Brief Incorporated[1] filed herein by AUDREY LAVELL TATUM, (hereinafter referred to as "Tatum") an inmate confined in the United States Penitentiary in Beaumont, Texas. ECF No. 61. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The Court, after reviewing the Petition, finds as follows:

**1. Procedural Background**:

Tatum was indicted on November 4, 2009 and charged with two counts of distribution of cocaine base. ECF No. 1. His initial appearance on the indictment was on December 1, 2009. ECF No. 2. Trial was scheduled for February 1, 2010 before United States District Judge Harry F. Barnes. ECF No. 3. Thereafter, Tatum moved for continuance of the trial date on several occasions, and a final trial date was set for September 15, 2010. ECF No. 30. On July 21, 2010, a Superceding Indictment was returned charging Tatum with the same two counts of distribution of cocaine base and a third count of conspiracy to distribute cocaine base. ECF No. 31.   Tatum also changed

---

[1] This Petition has been docketed as a Motion to Vacate under 28 U.S.C. § 2255.  However, to avoid confusion with a pending motion for retroactive application of the Sentencing Guidelines (ECF No. 59), the Court will refer to the instant pleading as "the Petition."

-1-

counsel multiple times from the date of his first appearance up to the September 15, 2010 trial date. On September 15, 2010, Tatum appeared with Counsel and entered a plea of guilty to Count 2 of the Superceding Indictment pursuant to a Plea Agreement with the Government. ECF No. 47. Judge Barnes ordered a pre-sentence investigation report ("PSR") prepared. Sentencing was scheduled for February 18, 2011. ECF No. 52.

On February 18, 2011, Tatum appeared before Judge Barnes for sentencing. The Court considered the PSR, heard arguments from both parties, and sentenced Tatum to 262 months incarceration in the Federal Bureau of Prisons, to be followed by 10 years supervised release.

Tatum did not appeal the sentence. On February 9, 2012, he filed a Motion for Extension of Time to File a § 2255 Motion. ECF No. 58. Judge Barnes granted this motion on August 28, 2012 and gave Tatum until August 31, 2012 to file any motion to vacate pursuant to § 2255. ECF No. 62.

On July 31, 2012, Tatum filed his Motion for Retroactive application of the Sentencing Guidelines to Crack Cocaine Offense. ECF No. 59. The Government responded to this Motion (ECF No. 60), and it remains pending.

**2. Instant Petition**:

On August 27, 2012, prior to Judge Barnes granting the Motion for Extension, Tatum filed the instant Petition. ECF No. 61. The Petition has been docketed as a Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. The Court has reviewed the Petition and has not directed the Government to Respond. The Court notes the Petition appears to have been prepared and signed by Tatum long before he was found guilty or sentenced in this case. Tatum pled guilty in this matter on September 15, 2010, and the instant Petition appears to have been signed by Tatum on April 10,

2010.  Further, it is apparent from the Petition itself that Tatum was a pretrial detainee at the time of the preparation of the Instant Petition because he was being held in custody at the Bi-State Justice Center in Texarkana, Texas when he signed the Petition.

In the instant Petition, Tatum asserts eight (8) grounds for relief:

a. For unspecified reasons, he could not "enforce his rights" in the United States District Court at El Dorado, Arkansas;

b. He was at the time the petition was prepared, illegally held in state custody in Bowie County Texas;

c. He was charged without probable cause;

d. His automobile was illegal seized by law enforcement;

e. Some of the evidence against him was illegally obtained in violation of the 4th Amendment;

f. He was denied his right to effective assistance of counsel;

g. He was denied equal protection and subjected to prosecutorial misconduct; and

h. He was subjected to false imprisonment, and false criminal charges.

**3. Discussion**:

The Court is unable to determine which if any of these allegations are applicable to the underlying federal criminal prosecution or if Tatum is actually challenging the sentence imposed in this case based on any of the foregoing.  A response by the Government to the instant Petition would be impossible in its current format.  The Court has developed forms to assist defendants convicted in federal court in challenging their conviction and the use of these forms would be beneficial in this case to allow the Court to evaluate Tatum's claims here.  If Tatum desires to challenge his underlying criminal conviction in this case, he should be directed to file that challenge on the forms

developed by the Court for doing so.

If Tatum desires to challenge his federal criminal conviction at this time he should do so pursuant to § 2255.  Section 2255 . . . provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence."  The statute states four grounds upon which such relief may be claimed:

> (1) that the sentence was imposed in violation of the Constitution or laws of the United States;
>
> (2) that the court was without jurisdiction to impose such sentence;
>
> (3) that the sentence was in excess of the maximum authorized by law; and
>
> (4) that the sentence is otherwise subject to collateral attack.

*See United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (*citing Hill v. United States*, 368 U.S. 424, 426-427 (1962)).

**4.  Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant petition be **DENIED** as currently filed.  It is further recommended that the Clerk be directed to provide Tatum with the appropriate Court approved form for filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  It is recommended that the Court's Order of August 28, 2012 (ECF No. 62) be amended and Tatum be given thirty additional days to file any Motion pursuant to § 2255.  Finally, it is recommended Tatum be warned that failure to file a Motion pursuant to § 2255, as directed, may result in dismissal with prejudice of his claims.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this **14th day of September 2012.**

        /s/ Barry A. Bryant
       HON. BARRY A. BRYANT
       U.S. MAGISTRATE JUDGE