IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| v. | Case No. 1:09-cr-10014 | |
| AUDREY LAVELL TATUM | | DEFENDANT |

### ORDER

Before the Court is Defendant Audrey Lavell Tatum's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act of 2018 and for a Full Resentencing Hearing and for Audrey Tatum to be Present. (ECF No. 80). The Government has responded. (ECF No. 83). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On September 15, 2010, Defendant entered a plea of guilty to the charge of distributing 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). On February 18, 2011, the Court sentenced Defendant to 262 months of imprisonment and 10 years of supervised release.

On February 20, 2019, the Court appointed the Federal Public Defender to represent Defendant with respect to a future motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018 (the "FSA"). On May 31, 2019, Defendant filed a motion for a sentence reduction under the FSA. Defendant also asks for the Court to conduct a full resentencing in his presence. The government opposes the motion.

### II. DISCUSSION

Defendant asks for a sentence reduction under the FSA. Defendant also asks for the Court to conduct a full resentencing in his presence. The purpose of this order is to address the latter

request.

The Eighth Circuit has made clear that the FSA does not require district courts to hold a resentencing hearing when considering section 404 motions. *United States v. McDonald*, 944 F.3d 769, 772 (8th Cir. 2019); *United States v. Williams*, 943 F.3d 841, 844 (8th Cir. 2019). Accordingly, Defendant is not entitled to be present at a resentencing hearing on the instant motion, and the Court declines to hold such a hearing. The only remaining question is whether Defendant is entitled to a full resentencing, including reconsideration of his career-offender status.

The Court does not find that section 404(b) authorizes a full resentencing to the extent that the Court may revisit issues considered by the sentencing judge other than the statutory range. "The First Step Act must be read in harmony with § 3582(c)(1)(B), which provides that '[t]he court may not modify a term of imprisonment once it has been imposed except . . . that the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute.'" *United States v. Moore*, 412 F. Supp. 3d 1111, 1117 (D. Neb. 2019). "In other words, [section] 3582(c)(1)(B) authorizes the Court to modify a term of imprisonment as permitted by statute, and [section] 404(b) permits it. Read together, those sections are clear that what the Court may do is modify an existing term of imprisonment, based on retroactive application of the revised drug quantity thresholds set by the Fair Sentencing Act." *Id.* The consensus within the Eighth Circuit is that the First Step Act does not permit the Court to go beyond that. *Id.*; *see also United States v. Franklin*, No. 5:07-cv-50037-001, 2019 WL 3848946, at *6 (W.D. Ark. Aug. 15, 2019) ("It strikes this Court as unlikely that Congress intended for Section 404 of the First Step Act to provide certain career offenders with underlying crack-cocaine convictions a unique opportunity for collaterally attacking their career-offender designations while leaving career offenders with underlying convictions for other drugs out in the cold."), *appeal docketed on other grounds*, No.

19-3050 (8th Cir. Sept. 19, 2019); *United States v. Neadeau*, No. CR 09-126 (DWF/RLE), 2019 WL 3766394, at *3 (D. Minn. Aug. 9, 2019) ("Nothing in Section 404 indicates any intent by Congress to "wipe[ ] the slate clean" as would be the case where a sentence has been vacated."); *United States v. Perkins*, No. CR06-0114-LRR, 2019 WL 1578367, at *3 (N.D. Iowa Apr. 3, 2019) ("[A] full resentencing is neither required nor called for.") (quoting *United States v. Sampson*, 360 F. Supp. 3d 168, 171 (W.D.N.Y. 2019)).

The Court agrees the other district courts in the Eighth Circuit to have considered the issue and finds that Defendant is not entitled to a full resentencing on all issues, including his career-offender enhancement. Rather, if he is eligible for relief under the FSA, he is entitled only to a modification of his existing term of imprisonment, based on retroactive application of the revised drug quantity thresholds set by the Fair Sentencing Act.

### III. CONCLUSION

For the above-discussed reasons, the Court finds that Defendant's motion (ECF No. 80) should be and hereby is **DENIED** to the extent that it seeks a full resentencing hearing in Defendant's presence. The Court defers its ruling on whether Defendant is entitled to a sentence reduction under the FSA, and if so, what his new sentence would be. The Court will address those issues in a separate order.[1]

**IT IS SO ORDERED**, this 20th day of March, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] For this reason, the Clerk of Court is **DIRECTED** to set the instant motion (ECF No. 80) as pending in the CM/ECF electronic filing system for the time being.